IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RALPH WILLIAM JOHNSON, JR., | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-3346 (JBS/AMD) |
| v. | |
| BSP ADMINISTRATOR SULLIVAN, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

This matter is before the Court upon Defendants' motion to file materials under seal [Docket Item 27].  THIS COURT FINDS AS FOLLOWS:

1.  In this action, Plaintiff Ralph William Johnson, Jr., alleges that he was beaten by Defendants while incarcerated at Bayside State Prison in violation of his Eighth Amendment rights.

2.  On February 5, 2009, Defendants filed the instant motion to file confidential materials under seal pursuant to Local Civil Rule 5.3(c) and for a protective order pursuant to Federal Rule of Civil Procedure 26(c) [Docket Item 27].  Defendants seek to file under seal two categories of documents: (1) excerpts of Plaintiff's electronic medical files documenting his injuries he incurred and the treatment he received in connection with the incident underlying his suit, and (2) a Special Investigations Division report conducted by William Maginnis relating to the alleged beating.

3.  Defendants did not electronically file with their sealing motion the documents for which they seek a sealing order, as the Local Civil Rules require, <u>see</u> L. Civ. R. 5.3(c)(3), although they did include paper copies of the documents with the courtesy copy of their motion to dismiss and/or for summary judgment [Docket Item 28], which they filed the same day as their sealing motion.  L. Civ. R. 5.3(c)(3) states:

> Any materials deemed confidential by a party or parties and submitted with regard to a motion to seal or otherwise restrict public access shall be filed under the designation "confidential materials" and shall remain sealed until such time as the motion is decided.

Essentially all filing in this Court is electronic under the CM/ECF system, <u>see</u> L. Civ. R. 5.2 ("Electronic Service and Filing of Documents") and the Electronic Case Filing Policies and Procedures (as amended September 1, 2008), reprinted following L. Civ. R. 5.2.  The requirement that documents deemed confidential "shall be filed" in L. Civ. R. 5.3(c), <u>supra</u>, thus refers to electronic filing, not paper filing.  This is confirmed by Item 10 ("Sealed Documents") of the Electronic Case Filing Policies and Procedures, <u>supra</u>, which provides in Item 10(a) in relevant part:

> Sealing of Documents and Confidential Materials under Local Civil Rule 5.3.  The Court will no longer accept documents in civil cases as a Paper Filing under seal. All such documents must be submitted electronically and must be submitted in compliance with Local Civil Rule 5.3 . . . .

4.  It must be acknowledged that, despite the clarity of the confidential document filing rule and the Electronic Case Filing Policies and Procedures,[1] above, the practice is varied throughout the district among judicial officers, some of whom permit paper filings upon request or by a chambers policy, and others of whom require electronic filing.  Unless and until the local rule is changed, however, electronic filing of documents deemed confidential is the requirement, and paper filing or other submission is the exception to be allowed upon application and judicial approval, like any other required procedure.

5.  It may be understandable that the Deputy Attorney General in this case, having a district-wide practice, may have thought it was acceptable to merely submit the confidential documents in paper format for consideration without first filing electronically.  In any event, the Court will consider the submission and has inspected the documents in camera in connection with this sealing motion.

---

[1]  Leading commentators agree that electronic submission of sealed documents is required.  See Lite, N.J. Federal Practice Rules, Comment 4 to L. Civ. R. 5.3(c) (Gann 2009) ("Note further that under the CM/ECF guidelines, documents to be sealed in civil cases must be submitted in electronic format; such documents may not be submitted in hard copy paper format") (emphasis added); Bartkus & Sher, N.J. Federal Civil Procedure (2d ed.), § 8-3:5, at 259 (2008) ("Any party seeking to file a document under seal or as confidential material must submit any such document electronically in accordance with Local Rule 5.3.  The Court will no longer accept documents in civil cases as a paper filing under seal") (footnote omitted).

6.  Defendants did not file a brief in support of their motion for a sealing order, but instead submitted the Affidavit of Deputy Attorney General Susan M. Scott stating in general terms that "Plaintiff has a liberty interest in preventing Defendants from making his medical records available to the public," (Scott. Aff. ¶ 6), and that the Special Investigation Division report "contain[s] confidential information regarding the officers and Plaintiff and information that, if released to the Plaintiff and the public, could compromise the safety and security of the Department of Corrections and staff."  (Id. at ¶ 9.)  Apart from this nonspecific reference to "safety and security," (id.), Defendants' submission is silent as to the "clearly defined and serious injury that would result if the relief sought is not granted."  L. Civ. R. 5.3(c)(2) (emphasis added).

7.  After Defendants filed their motion to seal, Plaintiff mailed to the Court a collection of medical records – most of which are duplicates of those for which Defendants have sought a sealing order – requesting that the documents be "placed into [his] case file as evidence."  (Docket Item 43 at 1.) Plaintiff's letter, together with the enclosed documents, was entered upon the Docket on July 27, 2009.  (Id.)

8.  The Court will deny Defendants' motion for a sealing order.  A court in this District recently summarized the well-

4

settled considerations that govern the Court's review of a motion

to seal documents as follows:

> It is well established that there is "a common law public
> right of access to judicial proceedings and records." In
> re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001).  In
> order to overcome the presumption of a public right to
> access, the movant must demonstrate that "good cause"
> exists for the protection of the material at issue.
> Securametrix, Inc. v. Iridian Technologies, Inc., No.
> 03-4394(RBK) 2006 WL 827889, at *2 (D.N.J. Mar. 30,
> 2006).  Good cause exists when a party makes a
> particularized showing that disclosure will cause a
> "clearly defined and serious injury to the party seeking
> closure." Id. (citing Pansy v. Boro of Stroudsberg, 23
> F.3d 772, 786 (3d Cir. 1994)).  The applicable
> requirements to seal documents [are] set forth in L. Civ.
> R. 5.3, which requires that a motion to seal describe (a)
> the nature of the materials or proceedings at issue; (b)
> the legitimate private or public interest which warrant
> the relief sought; (c) the clearly defined and serious
> injury that would result if the relief sought is not
> granted; and (d) why a less restrictive alternative to
> the relief sought is not available.

Schatz-Bernstein v. Keystone Food Products, Inc., No. 08-3079,

2009 WL 1044946, at *1 (D.N.J. Apr. 17, 2009).

9.  Having examined the documents themselves and the

circumstances presented herein, the Court does not find that

Defendants have overcome the presumption favoring a public right

to access court records in order to justify the order they seek.

With regard to Plaintiff's medical records, while Plaintiff

inarguably has a privacy interest in not having his medical

records disclosed by Defendants, see, e.g., Skinner v. Ashan, No.

04-2380, 2007 WL 708972, at *2 (D.N.J. Mar. 2, 2007) (citing

cases), Plaintiff himself has already filed the documents in

question, undercutting any privacy interest that could warrant sealing the documents.  The Court further notes that the medical records, which describe little more than the very injuries which Plaintiff alleges in the Complaint and the treatment he received therefor, do not disclose especially intimate information.

10.  The Court has also reviewed the contents of the Special Investigation Division report and likewise does not find that a sealing order with regard to that document is called for.  The report consists primarily of the incident reports of correctional officers who witnessed the particular use of force underlying this lawsuit.  The Court has discerned no "serious injury" that would result if the contents of these incident reports were disclosed to the public.  L. Civ. R. 5.3(c)(2).  They reveal, in brief, that Plaintiff refused to comply with Defendant Kohanski's orders and punched Defendant Kohanski in the face; that a struggle between Plaintiff and various officers ensued; and that Plaintiff was ultimately subdued, restrained, handcuffed, and taken to receive medical care.  No confidential sources are used, and no special investigative tactics are employed, or different considerations might apply here to preserve some degree of confidentiality.

11.  Nor have Defendants assisted the Court in identifying any "clearly defined and serious injury that would result if the relief sought is not granted."  Id.  According to Defendants, the

6

report "contain[s] confidential information regarding the officers and Plaintiff and information that, if released to the Plaintiff and the public, could compromise the safety and security of the Department of Corrections and staff." (Scott Aff. ¶ 9.) This vague description falls far short of the "particularized showing" required of a movant in order to justify the restriction of public access to judicial records. Schatz-Bernstein, 2009 WL 1044946, at *1. Defendants' submissions are silent as to what information in the Special Investigation Division report they believe is "confidential" or how its disclosure could impact institutional security. (Scott Aff. ¶ 9.) Having examined the document, and in the absence of any particulars from Defendants concerning the harm that might result from its disclosure, the Court does not find that a "clearly defined and serious injury . . . would result if the relief sought is not granted." L. Civ. R. 5.3(c)(2).

12. For the reasons set forth above, Defendants' motion for a sealing order will be denied. The Court notes that Defendants' motion to dismiss and/or for summary judgment relies almost exclusively upon the documents which the Court has declined herein to order sealed. In light of the Court's denial of Defendants' motion for a sealing order, Defendants will be required to file these documents upon the electronic Docket. Should Defendants fail to file the documents upon the Docket

7

within seven (7) days of the entry of the accompanying Order, the Court will dismiss the motion to dismiss and/or for summary judgment without prejudice.  The accompanying Order is entered.


**July 29, 2009**                        **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                       United States District Judge

8